Page #1

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT W.VA.

Jason Poindexter                              Civil Action, 3:18-cv-1511

V.

West Virginia Regional Authority, D.O.C. Betsy Jividen
Western Regional Jail
Major Berry
Sgt. Diamoxl
Correctional Officer Jarvis
Individually and in their official capacities;

FILED
DEC 13 2018
RORY L. PERRY II, CLERK
U.S. District Court
Southern District of West Virginia

1). This is a Civil Action authorized by 42. U.S.C. Section 1983 to redress the deprivation, under color of State Law, of rights secured by the Constitution of the United States. The Court has jurisdiction under 28 U.S.C. Section 1331 and 1343 (A)(3). Plaintiff seeks declaratory relief pursuant to 28 U.S.C. Section 2201 and 2202. Plaintiffs claims for injunctive relief are authorized by 28 U.S.C. Section 2283, 2284 and Rule 65 of the Federal Rules of Civil Procedure.

2) The Southern District is an appropriate venue under 28 U.S.C. Section 1391 (b)(2) because it is where the events giving rise to this claim occurred:

3). Plaintiff, Jason Poindexter, is and was at all times mentioned herein a prisoner of the State of West Virginia in the custody of the Western Regional Jail / D.O.C., he is now confined at the MT. Olive Correctional Complex at One MT Side Way, MT. Olive WV. 25185.

4). -DEFENDANTS-

5). West Virginia Regional Jail Authority / D.O.C., Betsy Jividen, is the Commissioner of the West Virginia Division of Corrections, She is legally responsible for the overall operation of the Department and each facility under its jurisdiction including the Western Regional Jail / and D.O.C.

6). Administrator (WARDEN) "John DOE", is the Administrator of Western Regional Jail, he is legally responsible for the operation of the Western Regional Jail, D.O.C. and for the welfare of all the inmates in that prison.

7). Major Berry, is a Correctional Officer of the West Virginia Regional Jail Authority and D.O.C. who at all times mentioned in this complaint held the rank of Major and was assigned to Western Regional Jail and D.O.C. (Division of Corrections).

8). Sgt. Diamond, is a Correctional Officer of the West Virginia Regional Jail Authority and D.O.C. who at all times mentioned in this complaint held the rank of Sergeant and was assigned to the Western Regional Jail and D.O.C. (Division of Corrections).

9). Correctional Officer, Jarvis, is a Correctional Officer of the West Virginia Regional Jail Authority, and D.O.C. who at all times mentioned in this complaint held the rank of Correctional Officer II and was assigned to the Western Regional Jail, and D.O.C. (Division of Corrections)

10). Each Defendant is sued individually and in their official capacity. At all times mentioned in this complaint each Defendant acted under the color of state law.

## FACTS

11). The plaintiff will assert some facts in this case for the Court to have an understanding why this complaint has been filed, but at this time, the plaintiff was transferred from the Western Regional Jail/D.O.C. after he was attacked by the defendants, to the Mt. Olive Correctional Complex, placed in solitary confinement on the Quilliams Two Unit, pod #3 cell #307, the plaintiffs phone list has been denied, all his documents are being withheld, he is forced to go on memory,

page # 4

12). The plaintiff will attempt to atleast show the court enough to start this case, and continue as the documents become available.

13). The plaintiff will assert, that on September 17th 2018, after returning from the hospital due to seizures, the plaintiff was attacked and beaten by these defendants on camera in the booking section of the jail, then again at Central Controll without justification causing injury

14). The plaintiff will assert that he did suffer injury and is being denied medical attention, the plaintiff has reason to believe that he is being hidden untill his injuries heal, but future x-rays will confirm the plaintiffs claims.

15). The plaintiff will assert that his Eighth Amendment, use of excessive force was violated, excessive force by prison guards constitutes cruel + unusual punishment, the plaintiff will assert this case Hudson V. McMillian, 503 U.S. 1 (1992), Also Siglar V. Hightower, 112 F.3d 191 (5th Cir. 1997).

16) The plaintiff will assert that he is also being denied medical care from his injuries from these attacks, Estell V. Gamble, 429 U.S. 97, 103 (1976).

17). The plaintiff will assert that his Fourteenth Amendment is being violated, due to the fact, prison officials at this facility, MT. Olive Correctional Complex are withholding his telephone access to call his Attorneys, and Family to let them know his situation. Johnson V. Avery, 383 U.S. 483 (1969).

18). The plaintiff will also assert, that the Western Regional Jail, D.O.C., also committed serious Constitutional violation by, listening, recording, and disclosing his phone conversations with his Attorney Timothy Rosinsky, and released those conversations to a third (3rd) party. Prison officials cannot listen to calls to Attorneys from inmates, that is forbidden, let alone disclosing those conversations to a third party. Robinson V. Gunja, 92 Fed. Appx 624 (10 Cir. 2004).

19) The plaintiff has no plain, adequate or complete remedy at law to redress the wrongs described herein. Plaintiff has been and will continue to be irreparably injured by the conduct of the defendants unless this court grants the declaratory and injunctive relief which plaintiff seeks.

20) The plaintiff will assert at this time he is being denied access to any type of forms needed for the court to proceed without payment, and proceed in forma pauperis, he wishes to do so, and will attempt to gain the documents

## PRAYER FOR RELIEF

21.) WHEREFORE, plaintiff respectfully prays that this court enter judgement granting plaintiff

22) A declaration that Acts and ommissions described herein violated plaintiffs rights under the Constitution And laws of the United States.

23) Compensatory Damages in the Amount of $300,000.00 jointly.

24) Punitive Damages in the Amount of $500,000.00 Against "Each" defendant

25) A Jury Trial on All issues triable by Jury.

26) Plaintiffs cost's in this suit, Attorney fee's, filing fee's, All postage, All materials.

27) Any Additional relief this court deems just, proper and equitable

Dated: December, 11, 2018

X Jason Poindexter (signature)
JASON POINDEXTER

ONE MT. Side WAY Q2-307
MT. Olive, WV 25185

## - VERIFICATION -

I have read the foregoing complaint, and hereby verify that the matters alledged therein are true except as to matters alledged on information and belief, And, as to those, I believe them to be true. I certify under penalty of perjury that the foregoing is true and correct.

Executed December, 11, 2018
MT. Olive W.V. 25185

X *Jason Paindt*
JASON Poindexter