IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

JASON POINDEXTER,

           Plaintiff,

v.                                                      CIVIL ACTION NO. 3:18-1511

BETSY JIVIDEN, Commissioner of the
West Virginia Division of Corrections;
WESTERN REGIONAL JAIL;
JOSEPH WOOD, Administrator;
MAJOR BERRY;
SGT. DIAMOND; and
CORRECTIONAL OFFICER JARVIS,
individually and in their official capacities,

           Defendants.

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Plaintiff Jason Poindexter's "Motion for Leave to Amend Complaint." *Mot. for Leave*, ECF No. 86. Defendants filed a Response in Opposition, *Resp. in Opp'n*, ECF No. 88, and Plaintiff filed a Reply, *Reply*, ECF No. 90. The issues have been fully briefed and are ripe for resolution. For the reasons set forth below, the Court **GRANTS** the Motion.

## I. RELEVANT BACKGROUND

Proceeding *pro se*, Plaintiff initiated this action on December 13, 2018 by filing a Complaint raising several claims for relief under 42 U.S.C. § 1983. *Compl.*, ECF No. 1, at ¶¶ 15–18. Plaintiff points specifically to September 17, 2018, when he claims he was returning to the Western Regional Jail in Barboursville, West Virginia after a trip to the hospital to treat his seizures. *Id.* at ¶ 13. He recounts being "attacked and beaten" by several guards upon his arrival in the booking section of the jail, and "then again at central control[] without justification." *Id.*

As Plaintiff was not represented by counsel, his case was referred to Magistrate Judge Cheryl A. Eifert for her preliminary findings of fact and recommendations for disposition. *Standing Order*, ECF No. 2. At a status conference on June 6, 2019, Magistrate Judge Eifert granted Plaintiff's Motion to file an Amended Complaint. *Order of Initial Status Conf.*, ECF No. 36, at 1. She also directed that "[t]he parties shall have through and including July 19, 2019 in which to amend the amended complaint and other pleadings." *Id.* at 5.

Plaintiff did not seek to amend his complaint again before this deadline; nevertheless, his original Amended Complaint shed more light on the allegations giving rise to this action. In particular, Plaintiff claimed that Defendants Berry, Diamond, and Jarvis removed his restraints in the booking area of the jail upon his return from St. Mary's Hospital. *Am. Compl.*, ECF No. ¶ 6. He recalled the officers escorting him from the booking area and into a bathroom, thereby "intentionally and premeditatedly removing Plaintiff from the view of the cameras." *Id.* at ¶ 7. He alleged that the officers proceeded to extensively and violently beat him. *Id.* at ¶ 8. Following the alleged assault, he claimed the officers escorted him to an area "in front of Central Control" where they again "employed excessive force to further increase the severity of damage done." *Id.* at ¶ 10.

On January 28, 2020, Plaintiff's present counsel entered a Notice of Appearance, *Notice of Appearance*, ECF No. 80, and the Court vacated the Standing Order referring this case to Magistrate Judge Eifert the next day, *Order*, ECF No. 81. On February 19, 2020, Plaintiff—by counsel—submitted the instant Motion for Leave to Amend Complaint. *Mot. for Leave*, at 1. The proposed Second Amended Complaint attached to Plaintiff's Motion significantly clarifies his causes of action as well as the factual basis for this suit. *See Proposed Second Am. Compl.*, ECF No. 86-1. In particular, it raises several claims under West Virginia law that were only vaguely referenced in the Amended Complaint. Defendants filed a Response in Opposition to Plaintiff's

Motion a week later, arguing that permitting Plaintiff to file his proposed Second Amended Complaint would be prejudicial to their interests and substantially delay the resolution of this case.[1] *Resp. in Opp'n*, at 2–3. Plaintiff filed an untimely Reply nine days later. *Reply*, at 1. Before turning to the substance of the parties' arguments, the Court will briefly summarize the law that controls the outcome of Plaintiff's Motion.

## II. LEGAL STANDARD

In pertinent part, Rule 15(a)(2) of the Federal Rules of Civil Procedure provides that "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Rule 15 has been interpreted by the Fourth Circuit Court of Appeals to mean that "a motion to amend should be denied only where it would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile." *Marfork Coal Co. v. Smith*, No. 5:10-cv-00069, 2011 WL 744727, at *5 (S.D.W. Va. Feb. 23, 2011).

Nevertheless, "[t]he flexibility of the 'freely give leave' standard is diminished somewhat when the amendment is sought after expiration of the deadline, if any, for amended pleadings set by a Rule 16(b) scheduling order." *Cunningham v. LeGrand*, No. 2:11-0142, 2012 WL 3028015, at *1 (S.D.W. Va. July 24, 2012). As Rule 16(b) provides that "[a] schedule may be modified *only for good cause* and with the judge's consent," Fed. R. Civ. P. 16(b)(4) (emphasis added), it follows that "after the deadlines provided by a scheduling order have passed, the good cause standard must

---

[1] Defendants also argued that Plaintiff failed to provide pre-suit notice to the government agencies named as defendants in the proposed Second Amended Complaint. *Resp. in Opp'n*, at 4. Plaintiff's counsel represents that he has done so at this point, and that "the state law claims [in the proposed Second Amended Complaint] shall now be rightfully before the Court by April 5, 2020." *Reply*, at 3. As this date has already passed, the Court will not dwell further on this argument.

be satisfied to justify leave to amend the pleadings," *Nourison Rug Corp. v. Parvizian*, 535 F.3d 295, 298 (4th Cir. 2008). With this framework in mind, the Court considers the merits of Plaintiff's Motion.

### III. DISCUSSION

As an initial matter, the Court must determine whether Plaintiff's Motion is subject to the "freely give leave" standard contained in Rule 15—as both parties appear to assume—or the "good cause" standard contained in Rule 16. Here, Magistrate Jude Eifert's June 6, 2019 order was unequivocal in directing that any further amended complaints be submitted by July 19, 2019. *Order of Initial Status Conf.*, at 5. No such amended complaints were submitted before that deadline, meaning that Plaintiff must demonstrate "good cause" to amend his Complaint. And though this standard presents a higher bar for Plaintiff to overcome than Rule 15's more liberal "freely give leave" standard, the Court believes Plaintiff has cleared that bar here.

"Rule 16(b)'s good cause standard focuses on the timeliness of the amendment and the reasons for its tardy submission," though "the primary consideration is the diligence of the moving party." *Montgomery v. Anne Arundel Cnty.*, 182 F. App'x 156, 162 (4th Cir. 2006) (per curiam). Here, it is undisputed that Plaintiff's Motion was not timely; indeed, it was filed exactly seven months after the deadline provided in Magistrate Judge Eifert's scheduling order. Yet the reason for its late submission is compelling—namely, Plaintiff's retention of counsel in this matter. "'Good cause' under Rule 16(b) is measured by the movant's diligence in attempting to meet the scheduling order's requirements," *City of New Martinsville v. Pub. Serv. Comm'n of W. Va.*, No. 2:12-cv-1809, 2013 WL 2244398, at *2 (S.D.W. Va. May 21, 2013) (citing *Sherman v. Winco Fireworks, Inc.*, 532 F.3d 709, 716 (8th Cir. 2008)), and here counsel filed the instant Motion

twenty-two days after appearing in this case. By almost any metric, this limited gap represents diligent conduct on counsel's part.

Of course, while "the focus of the [good cause] inquiry is upon the moving party's reasons for seeking modification," *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992), "[a]nother important consideration for a district court deciding whether Rule 16's 'good cause' standard is met is whether the opposing party will suffer prejudice by virtue of the amendment," *Leary v. Daeschner,* 349 F.3d 888, 906 (6th Cir.2003). Defendants expend significant energy in arguing that they would be significantly prejudiced by the filing of a Second Amended Complaint, but fail entirely to substantiate their arguments. First, they claim that "Plaintiff's new allegations are essentially another cause of action under state law." *Resp. in Opp'n*, at 3. It is true that the proposed Second Amended Complaint pleads several state law claims with more particularity than the *pro se* Amended Complaint, but even the Amended Complaint alleges violation of the "laws of West Virginia." *See Am. Compl.*, at ¶ 24. Plaintiff's *pro se* filings are entitled to a liberal construction, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), and the Court construes Plaintiff's Amended Complaint as raising claims under West Virginia law despite its heavy focus on federal constitutional law.

Second—and even if Plaintiff's state law claims were entirely new—the claims contained in the proposed Second Amended Complaint are still predicated on the same set of facts alleged in the Amended Complaint. It is for this reason that the Court finds Defendants' arguments that they will be required "to essentially litigate an entirely new claim without allowing for further discovery, depositions, retention of expert witnesses, and substantial investigation regarding the allegations" so self-defeating. *See Resp. in Opp'n*, at 3. The facts of this case have not changed—Defendants' inability to point to any concrete alteration is evidence enough of this point—and

extensive discovery into those facts has already occurred. Defendants' claim that they will be prejudiced by the addition of Jeff Sandy as a defendant in this case is similarly unpersuasive, as he retains ultimate authority over the existing Defendants as Secretary of the Department of Military Affairs and Public Safety. Any work to build a case in Mr. Sandy's favor would be minimal, particularly in light of Defendants' own contention that he "seemingly has no liability whatsoever with regard to this case." *Id.* at 3.

Put simply: Plaintiff's retention of counsel in this matter is a powerful justification for his late filing of a proposed Second Amended Complaint, and Defendants have not demonstrated the degree of prejudice necessary to outweigh Plaintiff's interest in effectively litigating this case through counsel. It follows that Plaintiff's Motion will be granted and his proposed Second Amended Complaint may be filed.

## IV. CONCLUSION

For the foregoing reasons, the Court **GRANTS** Plaintiff's Motion, ECF No. 86, and **DIRECTS** the Clerk to send a copy of this Memorandum Opinion and Order to counsel of record and any unrepresented parties.

ENTER: April 9, 2020

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE