IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

**JASON POINDEXTER,**

      **Plaintiffs,**

v.                                                                          Case No.: 3:18-cv-01511

**BETSY JIVIDEN, Commissioner of the
West Virginia Division of Corrections, et al.,**

      **Defendants.**

## ORDER

Pending before the Court is Plaintiff's Motion to Compel. (ECF No. 97). The parties appeared, by counsel, for a telephonic hearing on May 6, 2020. At that time, the parties agreed to recess the hearing in order to meet and confer further on several outstanding issues. Since that hearing, the parties have resolved most of the disputes between them.

On July 9, 2020, the parties again appeared, by counsel, for a follow-up telephonic hearing. The parties indicated that they had one remaining disagreement, which they presented to the Court. After hearing from counsel, the Court **GRANTS**, in part, and **DENIES,** in part, Plaintiff's Motion to Compel. The parties have worked diligently to compromise the issues raised in the motion, and to the extent that they have resolved the issues, the motion to compel is denied as moot.

With respect to the one remaining issue, the Court grants Plaintiff's motion to compel an interrogatory response and **ORDERS** the West Virginia Division of Corrections ("DCR") to provide Plaintiff with the total number of excessive force

grievances filed by prisoners housed in all DCR facilities for the years of 2016, 2017, 2018, and 2019. The DCR is additionally **ORDERED** to provide Plaintiff with the total number—out of the excessive force grievances filed in those four years—where the grievance was substantiated, or where wrongdoing was found to have occurred. The DCR shall provide the numbers for each separate year, rather than as one total, and shall submit this information to Plaintiff within **fourteen (14) days** of the date of this Order.

At this time, Plaintiff's motion to compel a response to the related request for copies of the underlying grievances is denied. However, should Plaintiff, upon receiving the numbers, determine that the documents are needed, the parties shall meet and confer in an effort to resolve the matter. If the matter is not resolved, Plaintiff may promptly file a motion requesting reconsideration of the Court's denial of the motion to compel an answer to the request for production of documents.

The Clerk is directed to provide a copy of this Order to counsel of record.

**ENTERED:** July 9, 2020

Cheryl A. Eifert
United States Magistrate Judge